UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| ALFIE COMPTON,           ) | |
| ) | |
| ) | |
| Plaintiff/Petitioner,    ) | |
| ) | |
| v.                       ) | NO. 2:22-CV-00138-DLB-MAS |
| ) | |
| WARDEN JESSIE FERGUSON,  ) | |
| ) | |
| Defendant/Respondent.    ) | |
| ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff/Petitioner Alfie Compton's ("Compton") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. [DE 1]. After screening Compton's petition pursuant to the Rules Governing Section 2254 Cases in United States District Courts, the Court ordered Defendant/Respondent Warden Jessie Ferguson ("Ferguson") to respond to the petition. Ferguson responded, [DE 10], but Compton did not file a reply. This matter is ripe for review.

## I.   FACTS AND PROCEDURAL HISTORY

In April 2017, Compton was convicted by a Kenton Circuit Court jury on multiple counts involving sexual offenses against two minors, including Compton's minor biological daughter, D.C., and another minor female family member, E.S. [DE 15-4, PageID# 87 (Amended Final Judgment)]. The convictions included incest with a victim under 12 (Count 1), first-degree sodomy of a victim under age 12

(Count 2), first-degree sexual abuse of a victim under age 12 (Count 3), first-degree sodomy (Count 4), and first-degree rape (Count 5). The Kenton Circuit Court sentenced Compton to 30 years' imprisonment in total.

Compton directly appealed to the Supreme Court of Kentucky on numerous grounds, including that the jury instructions for Counts 1 (incest) and 2 (sodomy) lacked specificity, violating his right to a unanimous verdict under the Kentucky Constitution. This argument, underpinned by objections raised at a bench conference during his trial and the comparison of jury instructions with his daughter D.C.'s testimony, led to the Kentucky Supreme Court vacating Compton's convictions on Counts 1 and 2 and the corresponding sentences. *Compton v. Commonwealth*, No. 2017-SC-000401-MR, 2019 Ky. Unpub. LEXIS 45, at *22 (June 13, 2019). The court held that, based on D.C.'s testimony and how the instructions were written, the jury instructions could be satisfied by different sexual acts occurring on different days. This, according to the court, made it "impossible to determine if all twelve jurors agreed upon the particular set of criminal acts for which Compton was convicted" because "[t]he jury instructions did not require the jury to differentiate which of the instances [of abuse] was the basis of the conviction[.]" *Id.* at *11–12.

Subsequently, the Kenton Circuit Court dismissed Counts 1 and 2 without prejudice while noting that the Kentucky Supreme Court affirmed the remaining convictions. [DE 15-9, PageID# 238]. Compton then moved to vacate or correct his sentence under Kentucky Criminal Rule ("RCr") 11.42, claiming violation of his unanimous verdict rights for Count 3 (first-degree sexual abuse of a victim under age

2

12) and Count 4 (first-degree sodomy) under the umbrella of ineffective assistance of counsel. He claimed that trial and appellate counsel were ineffective for not objecting to the jury instructions for Counts 3 and 4 (Instructions Nos. 7 and 8) or raising the issue on appeal, respectively.

In January 2021, the circuit court ruled that Instructions Nos. 7 and 8 (relating to Counts 3 and 4) did not violate Compton's right to a unanimous verdict, differentiating them from Counts 1 and 2. [DE 15-10, PageID# 239]. The Kentucky Court of Appeals affirmed this decision, *Compton v. Commonwealth*, No. 2021-CA-0208-MR, 2022 Ky. App. Unpub. LEXIS 106 (Ct. App. Feb. 25, 2022), and the Kentucky Supreme Court declined further review. *Compton v. Commonwealth*, No. 2022-SC-0114-D, 2022 Ky. LEXIS 173, at *1 (June 8, 2022).

Compton filed the instant § 2254 petition on November 8, 2022, asserting two claims of constitutional error by the Kenton Circuit Court, one claim of cumulative error by the Kenton Circuit Court, and three claims of ineffective assistance of counsel. [DE 1].

## II.  STANDARD OF REVIEW

Pursuant to the Antiterrorism and Death Penalty Act ("AEDPA"),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard of review is "highly deferential" and "difficult to meet." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). It is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

This exacting standard only applies with respect to claims that were adjudicated on the merits in the state court proceedings. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The federal courts must consider any procedural-bar issue that would preclude consideration of the petitioner's claims on the merits, including the procedural bar of the claims raised in the habeas petition that were not adjudicated in the state court. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Where the petitioner makes a factual argument, "[t]he federal court must presume that all determinations of factual issues made by the state court are correct unless the defendant can rebut that presumption by clear and convincing evidence." *Mitchell v. Mason*, 325 F.3d 732, 737–38 (6th Cir. 2003).

### III.   ANALYSIS

#### A. GROUND 1: KENTUCKY COURTS VIOLATED COMPTON'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS WHEN DENYING MOTION TO SEVER COUNT 5

Compton argues under Ground 1 of his petition that the Kenton Circuit Court violated his Fifth and Fourteenth Amendment rights when it denied his request to sever a single count of the indictment related to E.S. (Count 5), from the remaining counts relating to D.C. [DE 1, PageID# 4]. On direct appeal, Compton raised the same argument, contending that he suffered actual prejudice when the Kenton Circuit Court conducted a single trial based on charges relating to sexual abuse of both minors. The Kentucky Supreme Court dismissed his claim then, finding that the circuit court did not abuse its discretion when it denied Compton's motion to sever the count related to E.S. from the remaining counts related to D.C. *Compton*, 2019 Ky. Unpub. LEXIS 45, at *13. The court carefully analyzed the interplay between Kentucky's procedural rules and ultimately found the offenses were closely related in character, circumstance, and time—meaning that it was within the circuit court's discretion to conduct a single trial as to all the counts alleged in the indictment. *Id.* at *19.

Improper joinder does not, by itself, violate the federal constitution. *United States v. Lane*, 474 U.S. 438, 446, n. 8, 106 S. Ct. 725, 88 L. Ed. 2d 814 (1986).

5

The *Lane* Court suggested in passing that misjoinder could rise "to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *Id.*; *Coley v. Bagley*, 706 F.3d 741, 753 (6th Cir. 2013). The Respondent argues that *Lane* is not clearly established law and, therefore, does not create a cognizable claim under 28 U.S.C. § 2254. Since the Sixth Circuit has not firmly established whether *Lane* establishes a claim for habeas relief,[1] the Court will assess the merits of Compton's claim.

To show that he did not receive a fair trial for the purpose of habeas review, a petitioner must show that "the error had 'substantial and injurious effect or influence in determining the jury's verdict.'" *Sampson v. Macauley*, No. 21-1460, 2021 U.S.

---

[1] The Sixth Circuit has commented on several occasions that the language in *Lane* concerning a trial court's failure to sever criminal charges is only dicta and, therefore, does not create clearly established federal law. *Tighe v. Berghuis*, No. 16-2435, 2017 U.S. App. LEXIS 28264, at *5 (6th Cir. Apr. 21, 2017) (stating "*Lane*'s severance language is dicta and therefore does not constitute clearly established federal law for § 2254(d) purposes"); *Mayfield v. Morrow*, 528 F. App'x 538, 542 (6th Cir. 2013) ("[A]s to [petitioner's] severance claim, *Lane* does not clearly establish anything."). However, a recent Sixth Circuit decision chastised district courts for falling prey to the proposition that *Lane* does not establish a federal right that can be raised on federal habeas review:

> We have applied *Lane* in several published cases to determine whether a habeas petitioner demonstrated that misjoinder resulted in prejudice so great as to deny the defendant a fair trial. *LaMar v. Houk*, 798 F.3d 405, 428 (6th Cir. 2015); *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013); *Davis v. Coyle*, 475 F.3d 761, 777 (6th Cir. 2007). Any suggestion that *Lane* does not provide the clearly established law necessary to analyze whether the defendant suffered prejudice sufficient to violate his Fifth Amendment due process right to a fair trial is without foundation. Without discussion, . . . we follow the published opinions of this circuit.

*Collins v. Green*, 838 F. App'x 161, 167 n.3 (6th Cir. 2020).

6

App. LEXIS 31084, at *12–13 (6th Cir. Oct. 15, 2021) (quoting *Coley*, 706 F.3d at 753). The burden falls on the petitioner to demonstrate prejudice. *Lamar v. Houk*, 798 F.3d 405, 428 (6th Cir. 2015) (citing *Quicksall v. Michigan*, 339 U.S. 660, 665, 70 S. Ct. 910, 94 L. Ed. 1188 (1950)).

Compton fails to carry his burden. While he does perfunctorily claim that he was denied a fair trial, he does not offer any substantive argument about how the alleged misjoinder affected the jury's ability to render a fair verdict. Absent any showing of how he was prejudiced to the extent he was denied his right to a fair trial, the Court cannot evaluate whether the Kenton Circuit Court's denial of Compton's motion to sever was contrary to clearly established federal law. Thus, Ground 1 of Compton's petition fails.

**B. GROUND 2: KENTUCKY COURT VIOLATED COMPTON'S RIGHT TO A FAIR TRIAL UNDER THE FOURTEENTH AMENDMENT WHEN IT ALLOWED COMMONWEALTH TO INTRODUCE IRRELEVANT EXPERT TESTIMONY**

In Ground 2 of his petition, Compton contends that the Kenton Circuit Court denied him the right to a fair trial when it allowed the Commonwealth to introduce expert testimony of Dr. Jackie Anderson, who offered irrelevant scientific testimony regarding a physical examination of D.C. Although Compton avers that he exhausted this claim in state court, [DE 1, Page ID# 5], upon review of the record, it appears that this claim was not raised on appeal or during post-conviction proceedings. As the Respondent indicates, [DE 10, PageID# 54–55], Compton appealed the court's decision to permit Dr. Anderson's trial testimony solely based on the Court's application of Kentucky Rules of Evidence ("KRE"). He did not raise any federal claim

7

nor attempt to preserve a violation of a federal constitutional right, which Compton attempts to advance here on habeas review.

However, even if this Court found that Compton did preserve a claim that his federal right to a fair trial had been violated, if only implicitly,[2] His claim, nonetheless, fails on its merits.  First, Compton fails to demonstrate that the Kenton Circuit Court erred by allowing Dr. Anderson to testify over his attorneys' KRE 401 and 402 objections.  Second, even if the circuit court erred by allowing Dr. Anderson's testimony, he is not entitled to relief unless he can demonstrate that the error had a "substantial and injurious effect" on the jury's verdict.  *Fry v. Pliler*, 551 U.S. 112, 116, 127 S. Ct. 2321, 2325 (2007) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 631, 113 S. Ct. 1710, 1722 (1993)).  "[H]abeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'"  *Brecht*, 507 U.S. at 637.  Compton has made no such showing.  Thus, he is not entitled to habeas relief on Ground 2.

### C. GROUND 3: CUMULATIVE ERROR

Compton also argues that the Kenton Circuit Court's cumulative errors "negatively influenced the jury as evidenced by the guilty verdict[,]" denying him his

---

[2] In his brief on direct appeal, Compton references the "prejudice" he suffered due to the Kenton Circuit Court permitting Dr. Anderson's testimony over his KRE 401 and 402 objections.  [DE 15-6, PageID# 136].  It is unclear whether Compton's remark refers to KRE 403, which requires courts to balance *relevant* evidence "probative value" against the "danger of undue prejudice," or if Compton generally refers to prejudice in general for purposes of attacking the fundamental fairness of trial.

8

right to a fair trial in violation of the Fourteenth Amendment. [DE 1, PageID# 6]. The Sixth Circuit has consistently held that a habeas petitioner cannot premise relief on a claim of cumulative trial error. *See, e.g.*, *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006) ("[T]he law of this Circuit is that cumulative error claims are not cognizable on habeas because the Supreme Court has not spoken on this issue."); *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005) ("[W]e have held that, post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief."); *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002) (death penalty decision noting that "[t]he Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief").

Moreover, Compton's claims of error by the circuit court (Grounds 1 and 2) are without merit. Thus, "[a]ssuming without deciding that cumulative error can form the basis for § 2254 habeas relief," Compton is nonetheless not entitled to relief because "there are simply no errors to cumulate." *Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007) (citing *Baze v. Parker*, 371 F.3d 310, 330 (6th Cir. 2004) ("Because [petitioner] cannot establish any errors to cumulate and because his theory that errors can be considered in the aggregate depends on non-Supreme Court precedent, this claim is also without merit.")). Accordingly, Ground 3 of Compton's petition fails.

### D. GROUNDS 4–6: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT TO JURY INSTRUCTIONS NOS. 7 AND 8 AS VIOLATIVE OF COMPTON'S RIGHT TO A UNANIMOUS JURY VERDICT

Compton asserts three ineffective assistance of counsel claims that the Court shall address together: that (1) trial counsel was ineffective for failing to object to the jury instructions for Count 3 (Instruction No. 7); (2) trial counsel was ineffective for

failing to object to the jury instructions for Count 4 (Instruction No. 8); and (3) appellate counsel was ineffective for failing to raise any unanimous jury arguments on direct appeal as to Counts 3 and 4 and their respective jury instructions. [DE 1, PageID# 7–10]. By raising these claims on habeas review under 28 U.S.C § 2254, Compton contends that Kentucky courts' adjudication of his ineffective assistance of counsel claims on post-conviction review was contrary to or unreasonably applied clearly established federal law.

As a preliminary matter, the Court finds that Compton's claim is not cognizable under 28 U.S.C. § 2254 because there was no federal right to a unanimous verdict when Compton's conviction became final. This Court may only grant habeas relief upon finding that the trial court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence that was presented in the State court proceeding." 28 U.S.C. § 2254(d). Critically, "[t]he law in question must have been clearly established at the time the state-court decision became final, not after." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 380, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)).

Kentucky acknowledged a criminal defendant's right to a unanimous verdict long before the federal right was acknowledged and extended through the Fourteenth Amendment. *Ramos v. Louisiana*, 140 S. Ct. 1390, 1396–97 (2020) (holding that criminal defendant enjoys the right to a unanimous verdict of a jury of twelve);

*Johnson v. Commonwealth*, 676 S.W.3d 405, 411 (Ky. 2023) (stating that the Court's ruling in *Ramos* "changed little in the way of Kentucky law" since the Kentucky Constitution "guarantees unanimous jury verdicts"). When direct review of Compton's conviction and sentence became final on September 11, 2019,[3] Compton unquestionably had a right to a unanimous jury verdict under the Kentucky Constitution. However, the federal right to a unanimous verdict did not exist until *Ramos*, which was delivered on April 20, 2020, seven months later. *Ramos*, 140 S. Ct. at 1397. The Supreme Court later held that *Ramos* does not apply retroactively on federal collateral review. *Edwards v. Vannoy*, 141 S. Ct. 1547, 1552 (2021). So, "because *Ramos* was decided after [Compton's] direct appeal was decided, it cannot be considered clearly established for purposes of his jury-unanimity claim on habeas corpus review." *Burney v. Shoop*, No. 23-3433, 2023 U.S. App. LEXIS 32085, at *4 (6th Cir. Dec. 4, 2023) (citing *Greene v. Fisher*, 565 U.S. 34, 38, 132 S. Ct. 38, 181 L. Ed. 2d 336 (2011)).

---

[3] The Kentucky Supreme Court issued its decision on Compton's direct appeal on June 13, 2019. *Compton*, 2019 Ky. Unpub. LEXIS 45. For purposes of habeas review, direct review becomes final when the Supreme Court of the United States grants or denies a writ of certiorari or the time to petition for a writ has expired. *See White v. White*, No. 5: 02-492-KKC, 2021 U.S. Dist. LEXIS 175852, at *80 n.55 (E.D. Ky. Sep. 16, 2021) (citing *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003)). "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." S. Ct. R. 13.1. Thus, Compton had until September 11, 2019 to petition the Supreme Court for a writ of certiorari from his direct appeal. The Court shall treat this as the date his conviction became final.

11

At most, Compton's claim he did not receive unanimous verdicts on Counts 3 and 4 constitutes a claim that Kentucky courts violated Kentucky law and the Kentucky constitution. Even under the umbrella of ineffective assistance of counsel, such claims are barred on habeas review, where "only noncompliance with *federal* law . . . renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5, 131 S. Ct. 13, 178 L. Ed. 2d 276 (2010) (per curiam) (emphasis in original). *See also Hearn v. Hart*, Civil Action No. 3:18-cv-490-DJH-HBB, 2022 U.S. Dist. LEXIS 79953, at *21 (W.D. Ky. May 3, 2022) (finding that Kentucky defendant's pre-*Ramos* verdict unanimity claim fails on habeas review because "the fact that jury instructions are allegedly incorrect under state law is not a basis for habeas relief" (internal citation omitted)); *Fry v. Shoop*, No. 1:19 CV 2307, 2023 U.S. Dist. LEXIS 41192, at *210 (N.D. Ohio Mar. 10, 2023) (finding that *Ramos* did not apply to Ohio defendant's verdict unanimity claim and claim was not cognizable on federal habeas review even though Ohio law requires jury unanimity in criminal cases); *Burney v. Shoop*, No. 2:21-cv-3422, 2022 U.S. Dist. LEXIS 86677, at *10 (S.D. Ohio May 13, 2022), *recommendation adopted*, 2023 U.S. Dist. LEXIS 58828, 2023 WL 2752480 (S.D. Ohio, Apr. 3, 2023), *aff'd*, 2023 U.S. App. LEXIS 32085 (6th Cir. Dec. 4, 2023) (same).

Ultimately, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct.

475, 116 L. Ed. 2d 385 (1991) *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018) (Thapar, J. concurring). Thus, because Compton's assertion that the jury did not reach a unanimous verdict as to Counts 3 and 4 is not cognizable under 28 U.S.C. § 2254, the Court need not reach the merits of his ineffective assistance of counsel claims.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") may issue where a habeas petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a petitioner to demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 Fed. App'x 771, 774 (6th Cir. 2005).

In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, reasonable jurists would not debate the denial of Compton's § 2254 petition on the procedural and substantive grounds discussed herein. Reasonable jurists would not debate that, as to his misjoinder claim (Ground 1), Compton failed to advance more than a perfunctory argument that the circuit court's failure to sever claims relating to two defendants violated his right to a fair trial. Reasonable jurists would agree that, at minimum, a petitioner must carry his burden to demonstrate that he suffered actual prejudice due to the circuit court's denial of his severance motion. *See infra*, III.A (citing *Lamar*, 798 F.3d at 428). For the same reasons, reasonable jurists would not debate denying Compton relief on Ground 2 of his petition because, likewise, he fails to carry his burden to demonstrate that Dr. Anderson's testimony was irrelevant—or, even assuming it was, that Compton suffered actual prejudice as a result of the Kenton Circuit Court permitting such testimony. Moreover, reasonable jurists would not debate that because Compton fails to demonstrate individual constitutional errors, he is likewise not entitled to relief under § 2254 for purported cumulative error.

Finally, reasonable jurists would not debate that Compton's ineffective assistance of counsel claims are not cognizable under § 2254 because the underlying claim that he was entitled to a unanimous jury verdict was not a clearly established federal right at the time Compton's conviction became final. For these reasons, the Court recommends that the District Court find that Compton is not entitled to a certificate of appealability.

## V. RECOMMENDATION

For the reasons stated herein, and the Court being otherwise being sufficiently advised, **IT IS RECOMMENDED** that Compton's § 2254 petition [DE 1] be **DENIED**, that this matter be **DISMISSED WITH PREJUDICE**, and that no certificate appealability should issue.

*** *** *** *** ***

*Right to Object*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Civ. P. 72(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this 19th of December, 2023.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY