UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 22-138-DLB-MAS

ALFIE COMPTON                                                                                      PETITIONER

v.                         **MEMORANDUM ORDER
                    ADOPTING REPORT AND RECOMMENDATION**

**JESSIE FERGUSON,**
Warden, Roederer Correctional Complex                                               RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge Matthew A. Stinnett (Doc. # 18), wherein he recommends that the Court deny Petitioner Alife Compton's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254. (Doc. # 1). Compton has filed a Motion for Extension of Time to File Objections (Doc. # 19) and Objections to the R&R (Doc. # 20). The Respondent did not file a response to either, so the R&R is now ripe for the Court's consideration. For the following reasons, Petitioner Compton's Motion for Extension of time is **granted**, his Objections to the R&R are **overruled**, the R&R is **adopted** as the opinion of the Court, and the § 2254 Petition is **dismissed with prejudice**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

This is a habeas action arising from Petitioner Alife Compton's 2017 conviction by a jury in Kenton County, Kentucky of multiple counts involving sexual offenses against two minors, his biological daughter and another family member. (Doc. # 15-4). Compton was convicted of Count 1, incest (victim under 12 years of age); Count 2, first-degree

1

sodomy (victim under 12 years of age); Count 3, first-degree sexual abuse (victim under 12 years of age); Count 4, first-degree sodomy, and Count 5, first-degree rape. (*Id.* at 1-2). The specific facts of this case were recounted by the Kentucky Supreme Court in its unpublished opinion affirming Compton's conviction, as well as Magistrate Judge Stinnett's R&R. *See Compton v. Commonwealth*, No. 2017-SC-401-MR, 2019 WL 2463278 (Ky. June. 13, 2019); (Doc. # 18 at 1-3). Thus, this Court will only include additional factual details in the analysis as they are relevant.

After his conviction, Compton appealed to the Kentucky Supreme Court, which reversed and vacated his conviction on Counts 1 and 2 and affirmed his conviction on the remaining counts. *Compton*, 2019 WL 2463278, at *1. Following his direct appeal, Compton pursued a state habeas petition under Kentucky Criminal Rule 11.42 ("RCr 11.42 Petition"). (Doc. # 19 at 2-3). His RCr 11.42 Petition was denied by the trial court and affirmed by the Kentucky Court of Appeals. *See Compton v. Commonwealth*, No. 2021-CA-0208-MR, 2022 WL 569202 (Ky. Ct. App. Feb. 25, 2022). Compton attempted to appeal to the Kentucky Supreme Court, but the Kentucky Supreme Court denied discretionary review on June 8, 2022. (*Id.*). Compton filed the instant Petition on November 8, 2022. (Doc. # 1).

## II.     REPORT AND RECOMMENDATION

In his Petition, Compton raised five grounds for relief: (1) the trial court erred in failing to grant his motion to sever the counts of the indictment; (2) the trial court erred in allowing the expert testimony of Dr. Jackie Anderson; (3) cumulative error;[1] (4) Compton received ineffective assistance of counsel when his trial counsel failed to object to the jury

---

[1] Compton did not raise an objection to Magistrate Judge Stinnett's conclusion regarding ground 3 of his Petition, thus the Court will refrain from summarizing that portion of the R&R.

instructions for Count 3 because "it included multiple, non-specific instances of sexual abuse;" (5) Compton received ineffective assistance of counsel when his trial counsel failed to object to the jury instructions for Count 4, because "the instruction . . . failed to direct the jury to consider only 1 instance of sodomy;" and (6) Compton received ineffective assistance of counsel when his appellate counsel failed to raise issues with the jury instructions for Counts 3 and 4.  (Doc. # 1 at 4-9).

Magistrate Judge Stinnett first laid out the appropriate standards for evaluating a § 2254 Petition.  Federal court review of a state court's judgment is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which closely limits federal courts' scope of review.  (Doc. # 18 at 3-4).  Essentially, federal courts may only review state court decisions made on the merits and may only grant relief from those decisions if the state court decision unreasonably applied or acted contrary to clearly established federal law or was based on an unreasonable determination of the facts based on what was known at the time.  (*Id.* at 4); *see also* 28 U.S.C. § 2254(d)(1)-(2).

Magistrate Judge Stinnett noted that this high standard for evaluating a petitioner's claims only applies "with respect to claims that were adjudicated on their merits in the state court proceedings," meaning that the petitioner must give the state courts an opportunity to evaluate his claims before he can present them to a federal court in a § 2254 motion.  (*Id.*) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)).  Federal habeas review of claims that were not presented in state court are barred unless the petitioner demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice."  (*Id.*) (citing *Coleman v. Thompson*, 501 U.S.

722, 750 (1991)).

Thus, for a federal court to review his claims, Compton must have presented his claims to state court, and demonstrate that the state courts' rulings were "contrary" to United States Supreme Court precedent or based on an "unreasonable" application of that law. 28 U.S.C. § 2254(d)(1). A state court adjudication is contrary to federal law when that decision is opposite to that reached by the United States Supreme Court, and the adjudication involves an unreasonable application of federal law when the ruling "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

This requires Compton to prove not just that the state courts *could* have ruled a different way, but that they *must* have done so. *Id*. at 411. This Court's opinion on the merits of the case is irrelevant. *See Burt v. Titlow*, 571 U.S. 12, 18 (2013). The state court's factual determinations "are presumed correct absent clear and convincing evidence to the contrary." 28 U.S.C. § 2254(e)(1).

    **A.    Ground 1 – Motion to Sever**

Magistrate Judge Stinnett evaluated Compton's first ground for relief, where he argues that his Fifth and Fourteenth Amendment rights were violated when the trial court denied his request to sever Count 5 of his indictment pertaining to one of the minor victims from the remaining counts related to the other minor victim. (Doc. # 18 at 5). He argued on direct appeal that he suffered actual prejudice when the trial was conducted on charges related to both minors, but the Kentucky Supreme Court rejected that argument. (*Id.*). The Kentucky Supreme Court found there was no abuse of discretion by the trial court in denying the motion to sever because the offenses "were closely related in

4

character, circumstance, and time–meaning it was within the circuit court's discretion to conduct a single trial as to all the counts alleged in the indictment." (*Id.*) (citing *Compton*, 2019 WL 2463278, at *14).

Magistrate Judge Stinnett noted Compton's argument that misjoinder "could rise to the level of constitutional violation," but noted that Compton "[did] not offer any substantive argument about how the alleged misjoinder affected the jury's ability to render a fair verdict." (*Id.* at 6-7). Because Compton failed to demonstrate prejudice on this ground, Magistrate Judge Stinnett concluded that Compton was not entitled to relief on ground 1. (*Id.* at 7).

### B. Ground 2 – Expert Testimony of Dr. Jackie Anderson

In Compton's second ground for relief, he argues that the trial court erred by allowing the Commonwealth to introduce the expert testimony of Dr. Jackie Anderson, who offered testimony on her physical examination of one of the victims. (Doc. # 1 at 5). Compton argues here that the testimony was irrelevant and violated his Fourteenth Amendment right to a fair trial. (*Id.*). Magistrate Judge Stinnett first noted that this claim was not raised on appeal or post-conviction proceedings. (Doc. # 18 at 7). While Compton did challenge the trial court's decision to admit the testimony under the Kentucky Rules of Evidence on his direct appeal, he did not raise a federal claim or a violation of a federal constitutional right as he attempts to raise here. (*Id.* at 7-8).

Magistrate Judge Stinnett noted that even if the claim was preserved, it would fail on the merits. He noted that Compton did not demonstrate how the trial court erred in allowing the testimony over his attorneys' objections, or how the alleged error had a "substantial and injurious effect" on the verdict. (*Id.*) (quoting *Fry v. Pliler*, 551 U.S. 112,

5

116 (2007)).  For those reasons, Magistrate Judge Stinnett concluded Compton was not entitled to relief on this ground.  (*Id.*).

### C. Grounds 4-6 – Ineffective Assistance of Counsel

Magistrate Judge Stinnett addressed Compton's fourth, fifth, and sixth grounds for relief together because they all alleged some form of ineffective assistance of counsel on a related issue.  (*Id.* at 9-10).  Compton argues that his trial counsel was ineffective for not raising objections to the jury instructions for Counts 3 and 4, and his appellate counsel was ineffective for not raising his arguments related to the jury instructions on direct appeal.  (Doc. # 1 at 7-10).

Magistrate Judge Stinnett first determined that these claims were not cognizable under § 2254 because "there was no federal right to a unanimous verdict when Compton's conviction became final."[2]  (Doc. # 18 at 10).  The Court may only grant habeas relief upon finding that the trial court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." (*Id.*) (quoting 28 U.S.C. § 2254(d)).  He noted that the law in question "'must have been clearly established at the time the state-court decision became final, not after.'"  (*Id.*) (quoting *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012)).  Magistrate Judge Stinnett noted that the federal right to a unanimous verdict was acknowledged in 2020 in *Ramos v. Louisiana*, 140 S. Ct. 1390, 1396-97 (2020), but Compton's direct appeal concluded on September 11, 2019. (Doc. # 18 at 11).  He also noted that the Supreme Court later held

---

[2] Nothing in the record indicates that Compton was convicted on Counts 3 and 4 by less than 12 jurors.  Instead, Compton argues that because the jury instructions did not contain enough specificity about the dates in which Compton may have committed the conduct alleged in Counts 3 and 4, it violated his right to a unanimous verdict. (Doc. # 1 at 7-10).  This is the same argument that the Supreme Court of Kentucky adopted when dismissing his convictions under Counts 1 and 2 on direct appeal.  *See Compton*, 2019 WL 2463278, at *4.

6

that *Ramos* did not apply retroactively. (*Id.*) (citing *Edwards v. Vannoy*, 141 S. Ct. 1547, 1552 (2021)). Though Kentucky had a right to a unanimous verdict long before this ruling from the Supreme Court, Magistrate Judge Stinnett stated that his claims are barred on federal habeas review because "only noncompliance with *federal* law . . . renders a State's criminal judgment susceptible to collateral attack in the federal courts." (*Id.* at 12) (quoting *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curium) (emphasis in original)). He also cited to *Hearn v. Hart*, a case from our sister court in the Western District of Kentucky, which held that a defendant's pre-*Ramos* verdict unanimity claim failed on habeas review because "the fact that jury instructions are allegedly incorrect under state law is not a basis for habeas relief." (*Id.*) (citing No. 3:18-cv-490-DJH-HBB, 2022 WL 1321203, at *7 (W.D. Ky. May 3, 2022)).

Because there was no federal right to a unanimous jury at the time that Compton claims his counsel should have raised these issues, Magistrate Judge Stinnett concluded that his claims for relief on grounds 4-6 were not cognizable under § 2254 and he was therefore not entitled to relief. (Doc. # 18 at 13).

### D. Certificate of Appealability

In addition to recommending the denial of each of Compton's grounds for relief, Magistrate Judge Stinnett concluded that no reasonable juror would dispute that that the Kentucky courts rendered "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." (*Id.* at 13-14) (quoting 28 U.S.C. § 2254(d)(1)). Thus, Magistrate Judge Stinnett recommended the denial of a certificate of appealability for Compton's § 2254 Petition. (*Id.*).

### III.  ANALYSIS

#### A.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Criminal Procedure 59(b)(1), following a magistrate judge's R&R, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Failure to object is considered waiver of the party's right to review. Fed. R. Crim. P. 59(b)(2).

Objections to a magistrate judge's R&R must be "specific written objections to the proposed findings and recommendations." *Id.* This necessitates that "vague, general, or conclusory objections," will not be considered and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Further, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB-EBA, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994

8

(6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997) (unpublished table decision)).

### B. Defendant Compton's Objections

Compton objects to Magistrate Judge Stinnett's recommendation that he is not entitled to relief on grounds 1, 2, 5, and 6, and the recommendation that no certificate of appealability be issued. (Doc. # 20 at 1-5). The Court will address each of Compton's Objections in turn.

#### 1. Motion to Sever

Compton objects to the conclusion that he is not entitled to relief on his first ground that the trial court erred for not granting his motion to sever Count 5 from the other counts in his indictment. (Doc. # 20 at 2). He states that Magistrate Judge Stinnett's interpretation is "erroneous" because his petition "clearly articulated the prejudice of allowing all counts to be tried together." (*Id.*). He argues that because his motion was not granted, "the Jury was presented with two unrelated alleged crimes that bolstered one another, leading to convictions, that would not have stood individually without the improper joinder." (*Id.*).

Though Compton states that he "clearly articulated" the prejudice of denying his motion to sever in his § 2254, he did no such thing. In his Petition, Compton stated,

> The court refused to sever the counts of the indictment relating to separate alleged minor victims and petitioner suffered prejudice as the joinder of the allegations and the factual allegations in the motion to join were not sufficient to find that petitioner's acts amounted to signature crimes which denied petitioner a fair trial in violation of the 5th and 14th Amendments to the U.S. Constitution.

Simply stating that there was prejudice and a violation of his rights does not make it so. Compton was required to demonstrate specifically how this decision would have affected

9

the jury beyond conclusory statements, and because he did not, Magistrate Judge Stinnett recommended the dismissal of this ground. In Compton's Objections, he states that the "two unrelated alleged crimes . . . bolstered one another, leading to convictions that would not have stood individually without the improper joinder." (Doc. # 20 at 2). But Compton does not explain how the crimes bolstered each other, why they would not have stood individually, or what affect that would have had on the jury. He simply restates what he argued in his original Petition.

As stated above, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection.'" *Shephard*, 2016 WL 9115464, at *1. Restating arguments that were already addressed by Magistrate Judge Stinnett in the R&R is exactly the kind of non-objection contemplated by *Shephard*. It subverts the purpose of a R&R to re-litigate every point raised in the extensive previous filings. Therefore, this is not actually an objection as contemplated by Federal Rule of Criminal Procedure 59, and the R&R stands unchallenged on this issue. Compton's first Objection is **overruled**.

    **2.**    **Expert Testimony**

Second, Compton objects to Magistrate Judge Stinnett's recommendation that he is not entitled to relief on ground 2 of his Petition. (Doc. # 20 at 2-3). He argues that Magistrate Judge Stinnett "failed to recognize" that his filings "clearly point out the substantial and injurious effect of having the only expert witness influence the jury, where no physical evidence existed." (*Id.* at 2). He states that in this case, "where actual innocence was maintained, the verdict was improper because the jury was given improper (and irrelevant) expert testimony, which more than likely affected the verdict." (*Id.* at 3).

Unfortunately for Compton, this is another mere disagreement with Magistrate Judge Stinnett's R&R, and not a proper objection. He does not address Magistrate Judge Stinnett's conclusion that this issue is precluded from the Court's review because he did not exhaust the argument in state court at all. And while he states that he "clearly" pointed out the injurious effect of the expert witness, his original Petition does no such thing. His Petition reads as follows:

> The Commonwealth introduced the testimony of Dr. Anderson who testified to a normal physical exam and a normal hymen which was irrelevant under Kentucky Rules of Evidence and was only introduced so as to give the imprimatur on the jury of scientific significance to the Commonwealth's case which denied him a fair trial in violation of the 14th Amendment to the U.S. Constitution.

(Doc. # 1 at 5). Compton's Petition does not explain how the information was irrelevant to his case or how it was an error for the trial court to permit its admission, and he does not specifically demonstrate "that the error had a 'substantial and injurious effect' on the jury's verdict" (Doc. # 18 at 8) (citing *Fry*, 551 U.S. at 116) apart from simply saying it did. In his Objection, Compton cites to a portion of *Fry* where the Supreme Court indicated in a footnote that when a court is in "virtual equipoise [i.e., balance] as to the harmlessness of the error," the courts should "treat the error . . . as if it affected the verdict." *Id.* at 121 n.3 (citing *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995)). Here, the harmlessness of the error is not at issue, because Compton has not indicated how the trial court erred. And *Frye* did not rely on *O'Neal* in its analysis, because the harmlessness of the error was not at issue. *Id.* Thus, *Frye* is unhelpful to Compton.

Finding that Compton has not raised a proper objection to Magistrate Judge Stinnett's conclusion that Compton is not entitled to relief on ground 2, his Objection is **overruled**.

### 3. Ineffective Assistance of Counsel

Next, Compton objects to Magistrate Judge Stinnett's conclusion that he is not entitled to relief on his ineffective assistance of counsel claims regarding his counsel's failure to object to his jury instructions. (Doc. # 20 at 3). He argues that because the right to a unanimous verdict had long been established in Kentucky, the state courts determination was based on an unreasonable determination of the facts in light of the evidence that was presented. (*Id.*). He argues that because clearly established federal law now gives this same right, it should be applied to this case.

Again, this is a mere disagreement with Magistrate Judge Stinnett's conclusions and not a proper objection. Magistrate Judge Stinnett explained thoroughly in his R&R that the federal right to a unanimous verdict was not established until *after* Compton's conviction became final, and the Supreme Court has determined that the right is not retroactive. (Doc. # 18 at 10-11). He also explained that this Court cannot grant federal habeas relief solely because Compton believed his jury instructions were not proper under state law. (*Id.* at 12) (citing *Hearn*, 2022 WL 1321203, at *7). Compton provides nothing in his Objections that challenge the reasoning presented by Magistrate Judge Stinnett; he simply disagrees with the Court's ability to correct a state law issue.

Further, even if the federal right had been established before Compton's conviction became final, the Kentucky Court of Appeals considered these arguments on Compton's RCr 11.42 Petition and found that "the instructions provided 'sufficient specificity to satisfy the requirement for [a] unanimous verdict.'" 2022 WL 569202, at *5. Compton does not explain how this decision was a based on an "unreasonable" application of clearly

established law. 28 U.S.C. § 2254(d)(1). For these reasons, Compton's third Objection is **overruled**.

### 4. Certificate of Appealability

Finally, Compton makes a one sentence objection to Magistrate Stinnett's conclusion that he is not entitled to a Certificate of Appealability. (Doc. # 20 at 4). He simply states, "even if this court does not choose to overturn on the merits; reasonable jurists may disagree on each of the points outlined and a certificate of appealability should be issued on each of the three points listed above." (*Id.*). The Court has overruled each of Compton's Objections, finding no merit to his claims. Reasonable jurists would not disagree on the conclusion reached by Magistrate Judge Stinnett. Thus, his fourth Objection is **overruled**.

## IV.  CONCLUSION

Petitioner Compton has failed to raise any meritorious objections to Magistrate Judge Stinnett's R&R recommending that this Court deny his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Accordingly,

**IT IS ORDERED** that:

(1)  The Magistrate Judge's R&R (Doc. # 18) is **ADOPTED** as the opinion of the Court;

(2)  Petitioner's Motion for Extension of Time (Doc. # 19) is **GRANTED**;

(3)  Petitioner's Objections (Doc. # 20) to the R&R are **OVERRULED**;

(4)  Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. # 1) is **DISMISSED WITH PREJUDICE**;

(5) The Court finds no merit for an appeal in this matter, therefore a certificate of appealability **SHALL NOT ISSUE**; and

(6) A separate Judgment **shall be filed** concurrently herewith.

This 4th day of April, 2024.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\Cov2022\22-138 Order Adopting RR 2254.docx